## Wilson and Gibbs *against* Conine.

The exemplification of a decretal order of a court of chancery, directing execution to issue after the affirmance, in the court of errors, of a prior decree, is not admissible evidence on a trial in a court of law, but the original decree must be produced.

THIS was an action of *trover* for a quantity of rum.—Plea not guilty. The cause was tried at the *Greene Circuit*, on the 4th December, 1806, before Mr. Justice *Spencer*.

At the trial, the plaintiffs proved that they were in possession of the rum, and that the defendant had taken it away, though forbidden to do so by the plaintiffs.

An execution from chancery will not be received in evidence, without producing the original decree on which it was founded.

In an action of trover, interest on the value of the chattels from the time of the conversion, may be allowed by way of damages. On an application to the equity of this court, they will take notice of the rule in chancery, that partnership property, taken in execution for a separate debt of one of the partners, cannot be held against the joint-creditors; nor can the share of such partner be applied to the separate debt, until after the partnership accounts have been taken and settled.

NEW-YORK,
May, 1807.

Wilson and
Gibbs
v.
Conine.

[* 281]

The defendant's counsel then stated that he should prove, that the defendant purchased the rum at a sale made by the sheriff, by virtue of an execution issued out of the court of chancery, on a decree in the said court against *Gibbs*, who, at the time of sale, was a partner in trade with *Wilson*. The defendant then offered [*] in evidence an exemplification, under the seal of the court of chancery, of a record of a decretal order in the cause in which the execution issued. This was rejected by the judge, who was of opinion, that the original decree must be produced. The execution was then offered, but was rejected by the judge, unless the original decree, on which it was founded, was also produced. The judge charged the jury to find for the plaintiffs the value of the rum, with interest. The jury accordingly found a verdict for the plaintiffs.

The case was submitted to the court without argument.

The following points were stated for the consideration of the court :

1. Whether the exemplification offered by the defendant ought not to have been received in evidence ?

2. Whether the execution ought not to have been admitted ?

3. That the jury ought not to have been directed to allow interest.

4. That it was owing to the slip and inadvertence of the party that the plaintiff obtained a verdict.*

KENT, Ch. J. delivered the opinion of the court.

1. The paper offered in evidence by the defendant, and rejected by the judge, was an exemplification under the seal of the court of chancery, of a *decretal order awarding execution* on a prior decree. This decretal order recited the substance of a decree of the court for the trial of impeachments and the correction of errors, which affirmed the prior decree of the court of chancery, and ordered it

* 5 *Burrow*, 2633. *Martyn*, v. *Poddger.*

to be carried into execution. I think the paper offered was insufficient, and that it was requisite to have produced the original decree, which was the basis of the execution. It would be too great a relaxation of the rules of evidence, to allow the recital of a decree to be a substitute for the decree itself.

2. The execution was also properly rejected, as being no justification to the vendee in a sale under it, without [* 282] producing the judgment or decree warranting it. 8 *Co.* 97. 1 *Blacks. Rep.* 69. *Britton* v. *Cole.* *Salk.* 408.

3. The jury were competent to allow interest on the value of the chattel from the time of the conversion by way of *damages.* (1 *Johnson,* 65.) There is nothing in the case from which we can infer that the interest was an unreasonable measure of damages.

4. As to the last point, it is probable that the omission to produce the original decree arose from the slip and inadvertence of the defendant's counsel, but the question is, whether the *merits* of the case are so strongly with the defendant as to require our interposition. On the defendant's own showing, he was entitled only to an undivided third part of the rum ; and it was proved that he took it out of the plaintiffs' possession, contrary to their will, and when they had the greatest portion of interest in it, and an equal right to the possession. As this last point is an appeal to our equity, we cannot but take notice of the rule in chancery from whence the execution in the present case proceeded, that partnership property taken in execution for a separate debt, cannot be held against joint creditors, and that the share of such partner for his separate debt is to be applied, only *after the partnership accounts are taken and settled.* (4 *Vesey, jun.* 396.)

We are therefore of opinion, that the verdict ought not to be set aside.

Judgment for the plaintiffs.