*JANE GREENE *v.* SURVIVING PARTNERS OF WILLIAM [535 GREENE & Co.

*Dower.*

The widow of a deceased partner is not entitled to dower of the partnership lands, purchased and paid for with partnership funds, under articles stipulating that the partnership property should be sold for the payment of debts.

. THIS was a bill in chancery brought by the complainant, the widow of William Greene, deceased, to recover dower in certain lots in the city of Cincinnati. The facts in the case were agreed by the parties to be as follows

537

On the 25th of May, 1818, William Greene, deceased, the husband of the complainant, entered into partnership with the defendants to erect and carry on a brass and iron foundry in Cincinnati.

The articles of copartnership stipulated, among other things, that on the dissolution of the partnership the property of the concern should all be sold, and the proceeds applied first to the payment of the debts due from the partnership.

After the formation of the company, the premises of which dower is prayed were purchased by them as a site for their establishment, and buildings were erected necessary for carrying on the business; which were used and occupied exclusively for the purposes of the partnership, and were necessary for that use. The title was taken in the joint names of all the partners, and with the buildings constituted a large portion of the capital invested. No part of the purchase money was paid by Greene, who died insolvent, and heavily indebted to the partnership. Before the death of Greene the partnership became insolvent, and judgments were, in his lifetime, recovered against the company for debts incurred in purchasing and improving the premises, upon which executions had issued, and were levied on the premises, which had been appraised, under the execution laws of the state, at about one-fourth of the amount of the judgments.

There was no other property of the concern, real or personal, out of which the judgments could be satisfied. William Greene, the deceased, was entitled to one-fifth of the profits, and liable for one-fifth of the debts of the concern.

The complainant's marriage with William Greene was admitted, and his seizin during the coverture as one of the partners of the company.

536] *The cause was adjourned to this court by the supreme court of Hamilton county.

KIMBALL, for complainant :

By the laws of this state the widow of any person dying shall be endowed of one full and equal third part of all the lands, tenements, and real estate of which her husband was seized, as an estate of inheritance at any time during coverture.

The only question is whether William Greene was seized during coverture of such an estate of inheritance as is contemplated by the laws above referred to.

538

Property purchased and used for the purpose of carrying on a partnership concern is not changed in its nature, unless the articles of agreement expressly stipulate that it shall be converted; but the real shall descend as real, and the personal as personal. Thornton v. Dixon, 3 Ves. Jr. 199; Bell v. Phyn, 7 Ves. Jr. 57. In the first of these cases the property was not only used for the express purposes of the partnership, but the deed contained a covenant from the general partners to stand seized of the land in trust for the copartnership, and this article was not sufficient to alter the nature of the property, and the seizin was sufficient to entitle the widow to dower. The case of Bailman v. Shore, 9 Ves. Jr. 508, supports the same doctrine, as also Watson on Partnership, 60.

The analogy of the cases cited to the one for decision leads us to the conclusion that the husband of the petitioner was seized of such an estate as entitles her to dower by the laws of this state.

By the marriage contract the wife's right to dower is absolutely vested in her eo instanti with the celebration of the contract, in all the lands, tenements, and real estate her husband may at that time, or at any time during coverture, be possessed of as an estate of inheritance.

It is not in the power of the husband by any act of his own to divest the wife of her right to dower. But if property used for the purpose of a partnership is by such use converted into personalty, it would be in the power of the husband by this means to deprive the wife of dower.

*The law regards these three things, " Life, Liberty, and [537 Dower."

It is consonant with the laws of God and man that the husband should provide for the wife, not only during his life but after his death. And this is reasonable, as during coverture she can acquire no property of her own, and by the marriage he has the control of at least her personal property.

All men are supposed to regard their own interest with an equal solicitude as that of others. The conclusion follows that the skill and labor of William Greene was allowed to be an adequate consideration for his proportional share of the copartnership. Suppose the said Greene had advanced all the money, and the remaining partners had contributed their quota in skill, labor, and

materials, would this circumstance have strengthened his widow's right to dower? The idea is preposterous.

The counsel for the defendant has cited cases in New York and Massachusetts reports, to establish the point that a widow is not dowable of an estate of which the husband was seized but for an instant. Those are the only cases that I can find in the books. where a widow is not dowable of an estate of which the husband was seized for his own benefit, though it were but an instant. Upon an examination of those cases I find that all the decisions referred to in theirs, come decided upon an instantaneous seizin, either by his own wrongful act, as where a joint tenant attempts. to convey a fee simple, or as a *cestui que trust*, or as a mere conduit pipe for the conveyance of the land to a third person, and not one case is referred to where the wife was not dowable of an estate of an instantaneous seizin for his own beneficial interest. In Croke Eliz. 503, if the husband is seized but for a single instant. in his own right, the wife shall have dower.

N. WRIGHT, for the defendant:

The case presents the inquiry whether real estate, purchased and occupied by partners solely for the purposes of the partnership, under articles stipulating for the sale of all the partnership property for the payment of debts, is subject to dower of the wife 538] of a partner who contributed nothing *to the purchase, died indebted to the firm, and the firm insolvent.

1. It is contended for the defendants that the lien of partners on the partnership effects for the payment of the joint debts, and the balance of account between them, extends to real estate purchased and used solely for the purposes of the partnership; or, in other words, that such real estate, however the legal title may stand, is. a trust in equity for the several parties according to their actual interest in the concern.

2. That the agreement to sell creates a trust, and operates in. equity to convert the land into money for the purposes of the agreement.

3. That on either ground the lien or trust attaching with the. acquisition of the estate by the husband, is paramount to dower, and there being no residuary interest, will entirely exclude it.

I. It is a familiar principle of law, that partners have a lien on the joint effects for the payment of the joint debts, and the balance

540

of account between them. The effect of this lien is such that. neither the operation of law nor the individual act of any partner,. except when he exercises an implied authority from his copartners, can transfer any greater interest in the joint effects than the balance due him from the concern. It is often called in question in cases of bankruptcy, death, execution, and individual assign ment, and necessarily excludes every other claim depending on. the separate rights or liabilities of a partner. Wats. Part. 72, 103, 229; 1 Ves. 497; 4 Johns. Ch. 522; 2 Johns. Ch. 548; 15 Johns.. 159; 4 Ves. Jr. 396; 2 Ves. Jr. 258; 5 Cranch, 301.

It is created by the very contract of partnership, and extends to· everything coming in lien during its continuance. West v. Skip, 1 Ves. 242.

Though technically termed a lien, it is nothing more than the right of the partner to his own property; and the whole system of legal rules on this subject will be found, on careful examination, to· result from the simple principle that every partner has a certain interest in the joint stock, of which he can not be divested without his assent, either express or implied; that his interest is the exact amount he *has invested, after deducting the losses or [539· adding the profits. To ascertain that interest the debts must first. be paid, then the accounts balanced between the partners according to their several advances. Such balance is all that the partner· can treat as his own, or that can be subjected to individual debts. Any other rule would have the effect to appropriate the property of one man to pay the debts of another, and besides its injustice· would occasion such hazard in that kind of associations as would discourage and destroy them. The principle embraces all the· joint effects as an indivisible community of property; there can· be no individual interest in any item, because they are all necessarily blended in interest by the mode in which they are ac-- quired, and in account, by the manner of conducting the business. No partner can say this or that article is his own, for his copartners have contributed to purchase it, and his assent to the union of interest is declared by the act of blending it with the joint. accounts.

This explanation of the partnership lien shows its application to real estate held as partnership property. The real interest of a partner in such estate can be estimated in no other way but by ascertaining the balance of account in his favor. The land is

purchased with partnership funds, improvements are made, fixtures are attached and severed as convenience may require, and it becomes utterly impossible to separate it from the community of interest. It can not be ascertained what each partner has paid on the land till the whole accounts are settled. It would surely be unjust that a partner, holding legal title as tenant in common of such property, who had advanced nothing to the concern, should be able to sell an equal interest in the freehold, without power in his copartners to prevent it; or that his heirs should inherit, without being accountable, especially to the other members of the firm; and yet such would be the effect of a contrary doctrine.

There are principles closely analagous to that for which we contend, long recognized in equity.

Where one takes the title to land, and another advances the purchase money, there is a resulting trust for the latter. Where a part only is advanced by another, the trust is in proportion to 540] the money advanced, and this trust may exist *among tenants in common in favor of each other, and following the same rules of proportion. Sug. Vend. 406, 409, 414; Bottsford v. Burr, 2 Johns. Ch. 410; Way v. Steele, 2 Ves. & Beam, 388; 1 Dal. 192. If these principles of resulting trust are recognized, in relation to partnership real estate, the existence of the lien must follow as an inevitable consequence. There will be a trust in proportion to the interest of each in the concern. 1 Vern. 33; Lake v. Craddock, 3 P. Wms. 158.

In the English books there are many cases, in which the doctrine contended for seems to be clearly recognized; and, although they are generally cases arising between the real and personal representatives, not involving the rights of partners between each other, or of creditors, and so not direct adjudications on the question, yet if carefully examined, will be found to furnish great weight of authority. Thornton v. Dixon, 3 Bro. Ch. C. 199; Smith v. Smith, 5 Ves. Jr. 189; Lyster v. Dollard, 1 Ves. Jr. 431; Buckridge v. Ingham, 2 Ves. Jr. 661; Bell v. Phyn, 7 Ves. Jr. 454; Balmain v. Shore, 9 Ves. Jr. 500; Ripley v. Waterworth, 7 Ves. Jr. 425; Foster v. Hale, 3 Ves. Jr. 696; 5 Ves. Jr. 308; Ford v. Heron, 4 Munf. 316.

In the case of Smith v. Smith, which was a claim for dower, the remarks of the chancellor are directly in point; and many of the others allude to the doctrine as not to be questioned. It is

even said to be now the prevailing opinion in England, that real estate thus held, will pass to the administrator as personalty. Noy's Maxims, in notes. In this country, where land is subject to traffic and merchandise, and treated as personalty in ordinary transactions, there are much stronger reasons for adopting the rule.

II. The agreement in the articles of copartnership, that the property should be sold for the payment of debts, is a point still clearer for the defense. The property was purchased on the faith of this agreement, and in equity is bound to answer the purposes of it. It is the ordinary case of land agreed to be turned into money, and in this court will be treated as such. It is unnecessary to refer to the reasoning, or the numerous cases on this subject. The principle is fully recognized in Craig *v.* Leslie, 3 Wheat. 563. A court of equity would execute this agreement on the application *of any one of the partners, and the hus- [541 band's estate was bound by it from the purchase. The object of such a stipulation was so to pledge the estate, that it could never be converted to a different purpose; those who advanced their money for the purchase, relied on that security; and a court of equity must give them the benefit of it, to the exclusion of every *mesne* incumbrance. The effect of such an agreement between partners has often been recognized, and it would seem even to operate to make the real estate distributable after death as personalty. Wats. Part. 60 ; Thornton *v.* Dixon; Balmain *v.* Shore; Ripley *v.* Waterworth, ante.

III. The rights of the other partners, whether founded on the general lien, or the special agreement, are equally paramount to dower. The widow can have dower of no greater or better estate than the husband held at some period during the coverture, and her right attaches subject to all incumbrances existing at the time of the marriage, or attaching with the purchase by the husband. The wife takes her estate of the husband, her right springs from him, it is but a portion of his estate; and the stream can not rise higher than the fountain, the part can not be greater than the whole. The wife can be endowed only of the real beneficial interest of the husband, and she is liable to be defeated by every subsisting claim, which might have defeated the husband at the period of his best estate. As in cases of a trust estate, joint tenancy (at common law), eviction by title paramount, entry for condition-

543

broken, forfeiture by tenant in tail for alienation in fee. Co. Lit. 21, 217, 241.

So of an estate limited to such uses as the husband shall appoint, and in the meantime to himself, by which he is invested with the fee; yet an appointment made, the dower falls. Co. Lit. 217; Maundrill v. Maundrill, 10 Ves. Jr. 250..

So of exchange, seizin for an instant only, etc., so of agreement to convey, executed before dower attaches. 2 Ves. 631; 2 Powell Con. 57; Hardin, 288; 2 Bac. 387.

So of lands purchased during coverture, and at the same time mortgaged for the purchase money. 15 Johns. 461; 4 Mass. 566.

So of the vendor's lien for the purchase money. Sug. Vend. 364; 6 Ves. Jr. 95; 1 Johns. Ch. 310.

542] *So undoubtedly where lands descend to the husband and afterward are sold by administrators to pay the debts of the ancestor.

All these examples show that any incumbrance, or condition, attaching with the acquisition of the estate, is paramount to dower.

In the present case, the incumbrance formed a part of the transaction by which the estate was acquired, was a part of the consideration of the purchase; it attached with the acquisition, is of course paramount to dower, and exhausts the whole estate. The dower must, therefore, fall entirely.

Opinion of the court, by Judge SHERMAN:

This case depends upon the question whether the widow of a deceased partner is entitled to dower in lands purchased and paid for out of the partnership fund, under articles stipulating for the sale of the whole partnership property for the payment of debts, and used exclusively in carrying on their trade, the partnership being insolvent, and the deceased partner greatly in debt to the firm.

The widow, by our statute, is entitled to dower of all lands of which the husband was seized, as an estate of inheritance at any time during coverture.

Her estate is but a part of his, is derived from him, and must be subject to all incumbrances existing against it at the time of the marriage, or the acquisition by the husband; the husband can, by no act of his, destroy or affect her right of dower where it has

once attached, but it only attaches where he has a real beneficial interest in the lands of which dower is claimed. Upon this principle it has been held, that the wife of a mere trustee was not entitled to dower in the trust estate, although the husband was at law seized of an estate of inheritance.

A mere technical seizin of the husband, without any beneficial interest in the estate, will not entitle the wife to dower, as where lands descend to the husband, and are afterward, by virtue of the provisions of the statute, sold by the administrator of the ancestor, to pay debts due by such estate; here the husband is seized of a legal estate in inheritance, cast on him by operation of laws, but subject to the payment of the debts of his ancestor, and its being sold *for that purpose, shows that the hus- [543 band never had a beneficial interest therein.

So where the husband is only seized for an instant. Co. Lit. 31. Where lands are mortgaged to the husband, and the mortgage money is afterward paid, the husband was seized during coverture of a legal estate of inheritance, and yet the wife can not have dower in the lands so mortgaged.

Also, where lands are purchased by the husband, and mortgaged at the same time to the vendor for the purchase money, it has been held that the mortgage is paramount to the claim of dower. 15 Johns. 461; Mass. 566.

In this case the property was purchased, and the deed taken in the names of the partners, but it was bought with partnership funds, and for partnership uses, and was therefore subject to the condition expressed in the articles of partnership, that at its termination all the property should be sold for the payment of the debts.

The interest which each partner had in the property so purchased, was, at the moment of the acquisition, subject to this condition of the agreement.

This agreement in equity converts the land into personal property, as between the partners and their creditors, and subjects it to all the liabilities of their joint stock in trade. It shows the original understanding of the parties, that it is to be treated as partnership effects, and not as an estate in lands held in common.

In Thornton v. Dixon, 3 Bro. Ch. Cas. 199, Lord Thurlow said, " that had the agreement been that the lands should be sold, it would have converted them into personalty." In this case the in-

terest of the creditors was no way involved; it was a question be-
tween the real and personal representative of a deceased partner,.
and it was held, that as the articles of partnership did not pro-
vide that the land held by the partnership should be sold, or other-
wise manifest an intention of considering it as part of the effects
used in trade that the real representative was entitled thereto.
The right of the real representative is made to depend, not on the
character of the estate, but the want of any agreement between
the partners that it should be sold or otherwise appropriated to
the payment of debts.

544]    *In the case of Smith v. Smith, 5 Ves. 189, dower was de-
creed to the widow of a deceased partner of lands purchased in the
name of her husband, and paid for out of the partnership funds,
on the ground that by the agreement between the partners these
lands were to be the husband's, and be made debtor to the part-
nership for the purchase money, the court observing, that had
there been no agreement between the partners, the estate pur-
chased with the partnership funds, though conveyed to one part-
ner, would have been part of the partnership property, and this
principle was carried still further in the late case of Featherston-
haugh v. Fenwick, 17 Ves. 298, by Lord Eldon, who held that a
lease of premises where a partnership trade was carried on, re-
newed by one partner in his own name, was a trust for the part-
nership, to be accounted for as joint property, although the lessor
refused to execute a lease in which the other partners should be
inserted.

The principle has often been recognized that lands bought with
partnership funds and applied to partnership uses, are, when there
is an agreement that they shall be sold for the payment of debts.
or other purposes connected with the trade, considered in equity
as personal property so far as necessary for any of the purposes
of the partnership. It is considered as a trust attaching to the
estate, at the time of its acquisition, and which a court of equity
is bound to execute as against the partners, or those claiming
under them with notice; Bell v. Phyn, 7 Ves. 454; Balmain v.
Shore, 9 Ves. 500; 7 Ves. 425; 1 Ves. Jr. 431; and this is in ac-
cordance with the general principle that lands, agreed to be
turned into money, or money into lands, shall be considered in
equity as that species of property into which they are directed to
546

be converted, a rule, as observed by the Supreme Court of the United States, that is universal. Craig *v.* Leslie, 3 Wheat. 543.

In the case at bar, the partners, before the purchase of this land, agree that it shall, at a particular period, be converted into money ; this agreement a court of equity would specifically execute, by directing it to be sold, upon the application of either of the partners, on the ground that it was held by the partners in trust, for the purposes mentioned in the articles of partnership, and that each partner was interested *in having it converted [545 into money for the payment of the debts of the firm. At the moment of the acquisition of this estate each partner acquired, as against the others, an equitable right to have this trust specifically executed according to the terms of their agreement, and each was, under a corresponding obligation to the others to dispose of the. land and appropriate the proceeds as originally agreed upon. It was an equitable lien which attached to the estate at the moment of its acquisition, and each partner and all claiming their estate as the heir or widow must take subject thereto, and can have only the interest that the deceased partner had.

It has been too repeatedly determined to be now questioned, that the separate estate of a partner consists of that part of the partnership effects which shall remain after the debts of the partnership and the demands of the partner *qua* partner are satisfied ; Ex parte King, 17 Ves. 115 ; Taylor *v.* Fields, 4 Ves. 396 ; Nicoll *v.* Munford, 4 Johns. Ch. 522 ; and that interest or surplus only is liable to the separate creditors of each partner claiming either by assignment or under execution. Church *v.* Knox, 2 Day, 514 ; 6 Mass. 242, 271 ; 11 Mass. 249, 472 ; 2 Johns. 280.

The interest which William Greene, the husband of the complainant, had at the moment of his death in the partnership effects, was the surplus after payment of the partnership debts, and the balance due his partners. The case shows that he had never advanced anything ; the whole funds, both for the purchase of the lot of which dower is claimed, and for carrying on the business, was advanced by his partners, and at the time of his decease the partnership was insolvent. If this estate is to be considered in equity as personal property, and the court have no hesitation in saying it must be so considered as between the partners and their creditors, he had no substantial interest at the time of his death which would go to his representatives, or could be taken by his

separate creditors. If it be considered as real estate, it was acquired subject to a condition or agreement that qualified the estate of the husband, and the wife, when there is an agreement, unless 546] it were executed *after her right attached, would be bound thereby so as to exclude her right of dower.

The court are satisfied that the husband was at no time during coverture seized of such an estate of inheritance in these lands as is contemplated by the statute giving the widow dower, and that she is, by force of the statute, entitled only to a share of the beneficial interest he had in the lands; and where real estate necessary or convenient for the conducting a trade is purchased by a partnership, and paid for by their joint funds, under an agreement that they shall, at the termination of the partnership, be sold for the payment of debts, and the residue of the partnership effects are insufficient to discharge the debts, that the land so purchased, whether conveyed to one or all of the partners, is not subject to dower of the widow of a deceased partner.

The bill must therefore be dismissed with costs.

## NOTE A.

It was intended to insert here an examination of the cases that relate to the doctrine of sustaining a general count, where there was a special contract proven, but it is omitted in consequence of the reports make a larger volume than was expected.