THOMAS T. BYBEE, plaintiff in error, *v.* JAMES ASHBY, defendant in error.

*Error to Fulton.*

The general doctrine in regard to the sale of lands by a sheriff is, that his deed is inadmissible in evidence, unless the judgment and execution under which sale is made, be produced to show the sheriff's authority to sell. The purchaser is bound to inquire into the power, and the means by which the property is subjected to the sale, and will acquire no right to the land, where the sheriff sells without legal authority.

The Act of February 19, 1841, amendatory of the Act of January 17, 1825, does not dispense with the production of the judgment and execution prior to the introduction of the sheriff's deed in evidence. The seventh section merely relates to the presumption which is created by the Act in favor of the regularity of the sale, after the execution shall have come into the hands of the sheriff.

A. recovered a judgment against B. in the county of Knox, on which execution was issued, directed to the sheriff of that county, and subsequently delivered to the sheriff of Fulton county for collection, though not directed to him. The execution was levied on certain real estate of the defendant, which was sold to satisfy the same, and struck off to the plaintiff, to whom a deed was subsequently made by the sheriff. Several years after the sale and conveyance, the plaintiff in the execution, without notice to the defendant, on his motion procured an amendment of the execution, by striking out the word "Knox" and substituting the word "Fulton" in the direction to the sheriff: *Held,* that the Court erred in permitting the amendment, and that an amendment would not cure the defect in the process.

When a writ is regular on its face, although there may be a variance between the execution and judgment as to the true amount recovered by the latter, the sheriff will, nevertheless, be protected, as it is his duty to execute it, when delivered to him, notwithstanding such repugnancy. He is not bound to inquire whether there is a judgment exactly corresponding with it or not; and such a variance would not affect the validity of a sale made under it, if, in other respects, it be made in conformity with law. In such a case the execution is voidable only, and may be amended as well after as before the sale.

If an execution is not regular on its face, as for instance, where it is issued without the proper seal of Court attached, or where it is directed to the sheriff of one county and is delivered to the sheriff of another county to be executed, such process will not justify the officer in executing it; all his acts under it will be absolutely void, and he a trespasser; and the purchaser will acquire no right to the property purchased at the sale.

A sheriff is bound to execute process regular on its face, and all his acts will be valid, even though the process should afterwards be set aside for irregularity.

Although innocent purchasers will be protected where the process is voidable only, yet the same reasons of policy do not exist where a judgment creditor is the purchaser. In such a case, the regularity and legality of the sale may be inquired into.

EJECTMENT, in the Fulton Circuit Court, brought by the plaintiff in error against the defendant in error. The cause was heard at the March term 1844, before the Hon. Jesse B. Thomas and a jury, and a verdict rendered in favor of the defendant, on which there was a judgment for costs.

The proceedings at the trial, and other material facts appear in the Opinion of the Court.

*W. A. Minshall,* for the plaintiff in error, submitted the following argument in writing:

It will be insisted by the counsel on the other side, that the rule protecting innocent purchasers does not apply as between these parties, and that Bybee is seeking to take advantage of his own negligence, and that, *inter partes,* defects in the execution may be inquired into collaterally in this action, and cites *Jackson* v. *Caldwell,* 1 Cowen, 643–4. The case cited does not maintain the position laid down, to anything like the extent contended for there. The Court decided in that case that a *bona fide* purchaser of lands on an execution issued on a judgment which had been paid, but on which no satifaction is entered of record, nor the execution returned satisfied, would be protected. But otherwise, if he had notice either actual or presumptive. But if the party to the execution purchase, he will not be protected, for he is chargeable with notice; he would be most apt to know whether the money had been paid or not. This is a very different case from the one at bar.

The only question in this case is, was the execution, which, by the misprision of the Clerk, was directed on its face to the sheriff of Knox, but in fact sent to, and delivered to the sheriff of Fulton to execute, the sheriff of Fulton being the proper officer, and the defendant, Ashby, and his property within his bailiwick, is void or voidable. On this point, on an execution exactly similar, and in point as respects the di-

rection and misprision, the execution being, as in this case, directed to a different county than the one in which it was to be executed, the Court held the execution voidable only, and amendable, and subjected the sheriff to liability for the act of his deputy under it. *Walden* v. *Davidson*, 15 Wend. 575, 579, 580.

It is insisted that Bybee is endeavoring to take advantage of his own negligence. But this assertion applies with more force to Ashby here than Bybee. Ashby is estopped from making this allegation now. He could have set the execution aside for the irregularity. He chose not to do so, but acquiesced, and permitted the sale to take place. The sheriff elected to consider the process valid, and acted under it, and is bound by it. Ashby has done the same thing, he having omitted to stay the sale and set aside the process as he might have done. He has elected to consider the process as valid, and now as to him and all other persons the sale is valid and passes the legal title to Bybee, or any other purchaser at the sale. Shall Ashby now, in this action of ejectment, be permitted to say this sale is void for the misprision of the clerk in the direction of the process, and then reap an advantage by reason of his own laches, not only to the prejudice of Bybee, but also to the prejudice and insecurity of all judicial sales? That some sanctity should be given to judicial proceedings, sometimes limited, beyond which they should not be questioned; some protection offered to those who purchase at sales by judicial process, and some distinct rule established by which property thus acquired may be transmissible with security to the possessors, cannot be denied. *Voorhees* v. *Bank of the U. S.*, 10 Peters, 450.

Much effort is made by the opposing counsel, and many refinements and nice distinctions resorted to, and many authorities cited to get rid of the case in 15 Wendell. But the case is not single, or singular only in this, that it is identical and in point with the case at bar, and in principle is supported by the doctrine in 10th Peters, and other cases from the U. S. Court, and New York.

The purchaser at a sheriff's sale depends on the judgment,

the levy and the deed. All other questions are between the parties to the judgment and the officer. *Wheaton* v. *Sexton,* 4 Peters' Cond. R. 521; 6 Wend. 523–4.

A variance between the execution and the amount recovered, held not material. *Hunter* v. *Page,* 4 Wend. 585. It does not affect the validity of the sale under it. Such a variance, when the execution issues from a Court of record, is amendable at any time, as well after as before the sale, and cannot be taken advantage of on a trial for the recovery of the premises. *Swan* v. *Saddlemere,* 8 Wend. 676.

Also, under an execution, a purchaser cannot be defeated for error, or irregularity in the judgment or execution, on the ground that no levy was made until after the return day. *Jackson* v. *Rosevelt,* 13 Johns. 101, 102.

In an action of ejectment against a purchaser of land under a sheriff's sale, the regularity of an execution cannot be inquired into. An execution issued after a year and a day, without any *scire facias,* is only voidable at the instance of the party against whom it issued. *Jackson* v. *Rosevelt,* 13 Johns. 101, 102, above cited, and 8 Johns. 361, 367.

The sale is not void, when judgment reversed, or set aside for error; otherwise for irregularity. For difference between error and irregularity in process, see *Woodcock* v. *Bennett,* 1 Cowen, 734, 742.

Ashby, not having availed himself of his privilege and right to set this execution aside at his instance, cannot now avail himself of this objection. *Jackson* v. *Rosevelt,* 13 Johns. 101, 102.

Our Act of 1841, 171, § 7, makes the sheriff's deed *prima facie* evidence that the provisions of the law in relation to the sale were complied with. Shall Ashby now, after the making of the deed, and after an amendment made by the Court of the process in the particular complained of, or without such amendment, be permitted to avail himself of so frivolous and technical an objection to defeat a title acquired under a sheriff's sale, in the action of ejectment?

But will the Court now go behind the amendment made by a competent Court having jurisdiction over the subject,

and having exercised that jurisdiction, the power being dis-cretionary, unless the Court here clearly see that the execution was absolutely void, and gave no authority to the officer to act, or the Court to amend? For these reasons, and on the authority cited, we rely to reverse the judgment below.

*N. Bushnell,* for the defendant in error, filed the following argument in writing:

Was the sale valid, and said execution and deed, with or without amendment, effectual to pass the estate?

To authorize the admission of the sheriff's deed in evi-dence, it was necessary first to produce the judgment and execution under which the sale had been made. Without a valid judgment and execution, the sheriff would have had no authority to sell. *Bowen* v. *Bell,* 20 Johns. 338; *Wheaton* v. *Sexton,* 4 Peters' Cond. R. 521; *Wilson* v. *Comire,* 2 Johns. 280.

At the time of the sale, there must have been a valid, sub-sisting authority to sell; this is the burden of all the cases. *Jackson* v. *Pratt,* 10 Johns. 381, 386; *Swan* v. *Saddlemere,* 8 Wend. 681; *Jackson* v. *Caldwell,* 1 Cowen, 641, 643–4.

The power of the sheriff is derived from the execution, and the authority of the execution to warrant the sale is derived from the statute. It is the same, whether the sheriff sells with an execution which gives him no power, or wheth-er he sells without an execution at all; in either case the sale is void. *Armstrong* v. *Jackson,* 1 Blackf. 210.

An officer, acting under process, is bound to see that the process is regular on its face. *Sanford* v. *Nichols,* 13 Mass. 287.

Where a justice of the peace was authorized to issue an execution returnable in ninety days, and he issued one returnable in sixty days, it was *held* to be a nullity. On another question being raised in this case as to a variance, the Court *held* that mere variance between the judgment and execution is, in general, amendable; yet this is on the ground that an execution is merely voidable, not void. No

case can be found where a void execution can be amended, or a void sale confirmed. *Loof* v. *Bentley*, 5 Wend. 276.

The application of Bybee to amend, is an admission that the sale was considered invalid, and the amendment of the execution as directed by the, Knox Circuit Court is relied on to confirm it. Now, an execution may be irregular, or merely erroneous. The latter is voidable only; it is good till set aside, and will be a justification to the officer, and will sustain rights acquired under it till that time. But an irregular execution is void *ab initio*, and no rights can be acquired under it. *Woodcock* v. *Bennett*, 1 Cowen, 735–6; *Russell* v. *Kip*, 5 Johns. 99, 100; *Read* v. *Markle*, 3 Johns. 523; *Parsons* v. *Lloyd*, 3 Wilson, 345.

To amend an execution implies that there is some defect in the execution itself. This defect, I apprehend, can become apparent but in two ways; either from some defect of form apparent on the face of the execution, or from some incongruity between it and the judgment on which it issues. It is to supply or correct these defects that the amendment is made. These amendments apply only to voidable executions; they relate to mere matters of form, clerical misprisions, &c., defects, which objectionable in point of form, still leave it evident that there was a valid, substantial authority to sell in the officer acting under it. *Swan* v. *Saddlemere*, 8 Wend. 676, 679; *Russell* v. *Kip*, 5 Johns. 99, 100.

These are the classes of cases contemplated by our statute, which relate to formal, not substantial defects; cases in which there can be no difficulty, for the reason that there is always something to amend by. *Russell* v. *Kip*, 5 Johns. 99, 100; *Larocke* v. *Washbrough*, 2 T. R. 37; *Atkins* v. *Sawyer*, 1 Pick. 353; *Baxter* v. *Rice*, 21 Pick. 197, 199.

But in this case there is nothing to amend by, nor indeed is there any thing to amend. The execution on its face is regular and perfect. There is no pretence of any variance, or other incongruity between it and the judgment. It also issued upon a valid judgment authorizing it. There is no pretence of any clerical error, or misprision. It is hence

neither irregular nor erroneous, neither void nor voidable. It lacks every test by which we can determine it to be either the one or the other. As an execution issuing upon this judgment it is perfect; it hence requires and can properly admit of no amendment. To change it in any particular, is to make an execution under the pretence of amending one. A perfect execution may be altered, changed, re-constructed by striking out and inserting, but it cannot be amended.

It is in the use of this execution only, that any defect appears. The sheriff of Fulton county has undertaken to act under a power conferred upon the sheriff of Knox county, and the real difficulty in the title arises not from a defective execution, but from a defect of authority in the officer acting under it.

It is true that amendments will be liberally indulged for the furtherance of justice. But it is equally true, that they are confined to matters of form, and justice equally requires that they should not be extended to matters of substance. This case furnishes an apt illustration. Within twelve months from the sale the defendant might have redeemed. But the plaintiff had proceeded in so reckless a manner to enforce his claim, that the defendant was under no legal necessity to redeem. But after the redemption time had expired, and without the knowledge or consent of the defendant, this execution is changed in an essential particular; an authority to sell is thereby conferred upon the sheriff of Fulton county, in whom none was vested at the time the sale was made. This change in the execution is made to have a retro-active operation, and to take effect as from the beginning. An act done without authority becomes, by this *nunc pro tunc* operation, authorized at and from the time it was done, and the defendant is thus, by a species of judicial legerdemain, deprived of his estate, which he finds at the same moment sold and past redemption. Now, a void title cannot thus be made valid by matters subsequent. A void act is incapable of confirmation, or of becoming the basis of a right. *Lessee of Powell* v. *Harman*, 2 Peters, 241. A void title cannot be confirmed, either by the act of the party, *Walker* v. *Tur-*

*ner*, 5 Peters' Cond. R. 574; or by an Act of the legislature. *Good* v. *Zercher*, 12 Ohio, 364. A confirmation is to strengthen a voidable estate, but it cannot make good an estate void in law. 1 Tomlin's Law Dic., Title "*Confirmation*," 388–9. But, says the counsel on the other side, irregularities in an execution will never affect a *bona fide* purchaser; they will be protected against defects which cannot be collaterally inquired into.

The answer to this is, that no *bona fide* purchaser is to be protected in this case. It is the act of the party who now seeks to take the advantage of his own negligence that we call in question. As between the parties to a suit, the irregularity of an execution may always be inquired into collaterally in an action of ejectment. *Jackson* v. *Caldwell*, 1 Cowen, 643. Nor do the cases referred to by the plaintiff in error (19 Johns. and 2 and 3 Cowen,) sustain the amendment contended for in this case.

Those cases differ from this in the following essential particulars. The amendments were made after full notice to the parties in interest, and with the consent of the parties to the suit, and there were no equities in favor of third persons against the amendment. In those cases there were evident mistakes, clerical misprisions, accidental omissions, &c., and the amendments were only made to conform to the original intentions of the party, where that intention was in danger of being defeated by some intervening accident. These amendments were so made in each case with reference to its particular circumstances, and with reference to the fact that no person could be injured. The Courts admit that amendments are to be made for the purposes of justice; that there are no general rules applicable to such cases, and that each case must stand upon its own merits.

The only case to be found in the books, having any apparent analogy to this case is in 15 Wend. 575; yet in that case the analogy is more apparent than real. A deputy sheriff had received an execution, had acted under it, and collected money, and the Court decided that an officer acting under color of his office is estopped in an action against him, from

denying that he was authorized to act; that, as the sheriff, if he had collected the money in person, would under the circumstances, have been answerable for it to the creditor, he should also be answerable for the act of his deputy who was merely his agent.    The decision is founded on enlarged principles of public policy, as well as on the more technical rule that an officer, having assumed to act under process, shall not himself be permitted to deny its validity.    It is analagous to the case of an officer *de facto,* who, when he is sought to be charged officially, cannot deny that he is an officer *de jure.*    The material point upon which the decision turned was, that the officer had acted under the execution; that this was done without objection on the part of the defendant in the execution; that the officer had thereby affirmed its validity, and having under color thereof received the money, he shall not hold it from the creditor.    About the correctness of this decision there can be no doubt; but it depended on principles not involved in this case.

It is true that the Court, *arguendo,* used language broad enough perhaps to cover this case; but the Court were deciding upon particular facts, and the true rule is, to confine the language of the Court to the facts before it, and not to extend that language to other cases not within the reason of the decision.    The case itself furnishes the best illustration of the rule. It shows that the Court were only thinking of the particular case before it, and that it had no idea of making distinctions, or laying down rules for other cases.    The language of the Court upon which the plaintiff relies, was wholly unnecessary for the decision of the case, and if taken in its technical, and not in its popular sense, is irreconcilable with principles of law well settled in that Court.    The Court say, (page 597,) "the mistake in the direction of the execution did not render it absolutely void."    And again, (page 580,) "the deputy received process which he might have refused to execute.    Not being absolutely void, it was capable of amendment, and the officer might proceed under it, if he thought proper.    He did proceed, and treated it as a valid process."    The plain meaning of this is, that this execution

was merely voidable; that being only voidable, the officer might refuse to execute it, or proceed to execute it at his election, and that having elected to proceed he must now abide by his election. This is stating the case as if it was intended to draw a distinction between void and voidable process, it being an admitted principle that voidable process is amendable, while void process is not; and that execution the Court treats as voidable only. But where do the Court find any authority to show that such an execution is merely voidable, and not absolutely void. They refer to no case, they enter into no argument, but *currente calamo,* assert it. But so little is the attention of the Court directed to that point, that in the very act of asserting it to be voidable, they, in fact, in admitting that the officer "might have refused to execute it," admit that it is absolutely void. For the only ground on which a sheriff can refuse to execute, is, that it is void; if it is only voidable, he must execute it, ( *Parmelee* v. *Hitchcock,* 12 Wend. 96,) and the reason is, because a voidable process is a complete protection to the officer for all acts done under it, up to the time when it is actually avoided. 1 Cowen, 735-7, and the cases there cited. So again, throughout the whole case, the Court speak of the execution as "irregular;" a word which, when applied to executions, has in that Court, a definite, technical meaning, and imports, *ex vi termini,* that the execution is void. 3 Johns. 523; 1 Cowen, 735-6. It is hence an incorrect view of that case to consider it as proceeding upon any distinction between void and voidable process. The Court were deciding with reference to particular facts before it, without reference to any technical distinction of that sort. The proof of this exists in what has already been shown, that throughout the whole case, while speaking of executions which, in general terms, they denominate voidable, they invariably apply those legal terms and principles which are properly applicable only to those which are absolutely void. To draw such a case into a precedent in this case, and to predicate a decision upon a supposed distinction between void and voidable process, as derived from that case, is manifestly absurd; the more especially as that deci-

sion was made and can be sustained upon principles independent of any such distinction.

The real error in that case consists, in my opinion, in applying the terms "voidable and void" to an execution, which was neither the one nor the other; and a similar attempt in this case will be an error of the same kind. It would be an attempt to make] the use, or abuse of a perfect execution, the test of its regularity; to make an execution voidable or void by matters subsequent.

The Opinion of the Court was delivered by

Young, J. This was an action of *ejectment* brought by the plaintiff, Bybee, against the defendant, Ashby, to the November term of the Fulton Circuit Court, A. D. 1843, to recover possession of the north west quarter of section twelve (12), in township five (5) north, of range four (4) east of the fourth principal meridian, in Fulton county.

To this action the defendant, Ashby, pleaded not guilty, the issue was tried by a jury, a verdict of not guilty returned, and a judgment rendered in favor of the defendant for the costs.

The evidence produced at the trial by the plaintiff, and the exceptions to the instruction of the Court to the jury are preserved in the bill of exceptions.

The following are assigned as causes for the reversal of the judgment in this Court, to wit:

1. The Court erred in refusing to admit as evidence on the trial of the cause in the Court below, the copy of the record from the Knox Circuit Court, and the sheriff's deed to the plaintiff, Bybee;

2. The sheriff's deed should have been admitted in evidence, whether the copy of the record produced was admissible or not;

3. The Court erred in instructing the jury to find for the defendant;

4. The Court ought to have instructed the jury to find for the plaintiff;

5. The verdict and judgment ought to have been for the plaintiff.

We think this whole case turns upon the question, whether the execution under which the sheriff of Fulton county levied upon, and sold and conveyed the land to Bybee, conferred upon him such authority, under the circumstances, as would make it a valid transaction, and sufficient in law to divest Ashby of the title which he had previously acquired by purchase from the United States.

The plaintiff, Bybee, for the purpose of proving title to the premises in controversy, produced as evidence in the first instance, a certificate from the register of the land office at Quincy, showing that the defendant, Ashby, had previously to the levy and sale by the sheriff, purchased the land from the General Government, and in the next place, a transcript of the record from the Knox Circuit Court, in connection with a deed from the sheriff of Fulton county, to establish the following facts, to wit:

1. That he had recovered a judgment against the defendant in the Knox Circuit Court;

2. That an execution, or executions had issued thereon;

3. That said executions came to the hands of the sheriff of Fulton county; and

4. That, by virtue of the *alias fi. fa.* last issued, the said sheriff levied upon the land in question as the property of Ashby, and sold and conveyed the same to him, Bybee, the judgment creditor in the execution.

It appears from the transcript that the plaintiff, Bybee, recovered against the defendant, Ashby, in an action of *assumpsit,* at the May term of the Knox Circuit Court, A. D. 1838, a judgment for the sum of $31 and costs of suit; that on the 30th day of July, 1839, the clerk of the Knox Circuit Court issued a *fieri facias* execution thereon, directed to the sheriff of Fulton county, which was afterwards returned "*nulla bona*" by the sheriff of that county, by an indorsement dated September 1, 1839; that on the 13th day of February, A. D. 1840, an *alias fi. fa.* execution was issued out of the clerk's office of the Knox Circuit Court

upon the same judgment, directed to the sheriff of Knox county to execute; that this last mentioned execution was also delivered to the sheriff of Fulton county, who levied the same on the land in controversy as the property of the defendant, Ashby, on the 14th day of April, 1840, and sold the same to the plaintiff, Bybee, on the 6th day of May, 1840, for the sum of $69; that this last execution was returned to the clerk's office of the Knox Circuit Court, and filed on the 28th day of May, 1841; that at the June term of the Knox Circuit Court, 1843, the plaintiff, Bybee, submitted a motion to amend the *alias* writ of execution, under which the land was levied upon and sold, by striking out the word "Knox" in the direction of the writ, and substituting the word "Fulton," which motion was allowed, and the writ amended accordingly.

This motion appears to have been *ex parte*, and made without any notice whatever to the defendant, Ashby.

The sheriff's deed to Bybee for the land, is dated the 11th day of September, 1841. The transcript of the record and sheriff's deed were, on motion of the defendant's attorney, excluded from the jury as evidence at the trial; exceptions were taken to the opinion of the Court by the counsel for the plaintiff, and the defendant, Ashby, had judgment for his costs.

In order to have made the deed to Bybee admissible as evidence, and available for the purpose of a recovery in the Court below, two things were necessary to have been first shown by the plaintiff; *first*, a judgment in favor of the plaintiff, and, *secondly*, an execution to the sheriff of Fulton county, where the land was situated, authorizing him to levy upon and sell the property of the defendant.

The general doctrine in regard to the sale of lands by a sheriff is, that his deed is inadmissible in evidence unless the judgment and execution, under which sale is made, be produced to show the sheriff's authority to sell. The purchaser is bound to inquire into the power and means by which the property is subjected to the sale, and will acquire no right to the land, where the sheriff sells without legal

authority. *Voorhees* v. *U. S. Bank*, 10 Peters, 458; 2 Yates, 86; *Wilson* v. *Comire*, 2 Johns. 280; *Hinman* v. *Pope*, 1 Gilman, 131.

It was contended by the attorney for the plaintiff in error, that by the statute of February 19, 1841, entitled "*An act to amend an act concerning judgments and executions*," approved January 17, 1825, which was in force after the 1st day of June, 1841, it was no longer necessary to produce the judgment and execution preliminary to the production of the deed in evidence at the trial, as the deed itself was made *prima facie* evidence of the existence of a judgment and execution, as well as of the regularity of the sale by the sheriff until the contrary was shown by the defendant. The seventh section of the Act referred to, provides, that "any deed so executed (by the sheriff) shall be evidence that the provisions of the law in relation to sales of lands upon execution were complied with, until the contrary be shown," &c. This relates to the presumption which is created by the Act in favor of the regularity of the sale, after the execution shall have come to the hands of the sheriff, and does not dispense with the production of the judgment and execution, which is still necessary before the deed can be read in evidence.

The record in this case sufficiently proves the existence of the judgment, but does not exhibit such an execution as would authorize the sheriff of Fulton county to sell the land of the defendant to Bybee.

The *alias fi. fa.*, under which the land was levied upon and sold, was directed to the sheriff of Knox county, and delivered to, and executed by the sheriff of Fulton county, before any amendment of the writ was permitted by the Court. The execution was not amended until the June term of the Knox Circuit Court, 1843, and then, by an *ex parte* proceeding, without notice to the defendant, several years after the land had been sold by the sheriff, and the deed of conveyance made to the plaintiff. We think the Court erred in permitting this amendment.

The leading case relied upon by the plaintiff's attorney on

Bybee *v.* Ashby.

this point is, *Walden* v. *Davison*, 15 Wend. 575. In that case, the execution was directed to the sheriff of Cattaraugus county, but sent to the sheriff of Alleghany county. The sheriff's deputy in the last mentioned county received the writ, acted upon it, received the money due from the defendant, and returned it satisfied, but afterwards neglected to pay over the money to the judgment creditor in the execution. Subsequently, in an action of *assumpsit* against the sheriff for money had and received to the plaintiff's use, the sheriff pleaded the insufficiency of the execution to render him liable for the act of his deputy in collecting and withholding the money. Bronson, J., who delivered the opinion of the Court, said, " that as the writ was intended for and delivered to the sheriff of Alleghany county, and he has executed the same without any objection on the part of the judgment debtor, he cannot be allowed to withhold the money from the judgment creditor. The sheriff might have declined to execute it on account of the irregularity; but as he has elected to treat it as a valid process, and has acted upon it under color of his office, it is too late now to make such an objection, and this was all that was necessary to be decided in that case. In this opinion we most readily' concur. But we totally dissent from the *dictum* of the Judge, *arguendo*, when he also says, "that the mistake in the direction of the execution did not render it absolutely void, and that the Court would, at any time, have ordered an amendment, if that had been necessary for the protection of the officer." We do not decide that the execution in this case was void, but that being directed to the sheriff of Knox county where the judgment was, it conferred no authority on the sheriff of Fulton county to sell the land of the defendant.

The proper distinction to be taken, as a general rule, between an execution that will protect a sheriff in the proper discharge of his duties under it, and one that will not, we hold to be this: that when the writ is regular upon its face, although there may in fact be a variance between the execution and judgment as to the true amount recovered by

the latter, the sheriff will nevertheless be protected, and as it is his duty to execute it, when delivered to him, notwithstanding such repugnancy, for he is not bound to inquire whether there is a judgment exactly corresponding with it or not; and such a variance will not affect the validity of a sale made under it, if, in other respects, it be made in conformity with law.

In such a case, the execution is voidable only and may be amended as well after as before the sale. *Russell* v. *Kip*, 5 Johns. 99, 100; 2 Term R. 737; 2 Dunlap, 774; 4 Wend. 462, 485; 12 do. 96, 97.

But where the execution is not regular upon its face, as for instance, where it is issued without the proper seal of Court attached, or where, as in this case, it is directed to the sheriff of one county and is delivered to the sheriff of another county, to be executed, such process will not justify the officer in executing it, and all his acts under it will be absolutely void, and he a trespasser, and the purchaser will acquire no right to the property purchased at the sale.

The Courts all proceed upon the ground, that the process must be regular upon its face to justify the officer; in which case he is bound to execute it, and his acts will be valid, even though the process should afterwards be set aside for irregularity. But they at the same time declare, that although innocent purchasers will be protected, where the process is voidable only, that the same reasons of policy do not exist where a judgment creditor, as in the case of Bybee, becomes the purchaser. It is his execution, it is to be executed for his benefit, and it would be the height of injustice to allow the party guilty of the irregularity, to take advantage by it. As between the original parties, there can be no objection to an inquiry into the regularity or irregularity of the sale. *Jackson* v. *Caldwell*, 1 Cowen, 644, 645.

In this case, the execution so far as the sheriff of Fulton county was concerned, was irregular upon its face; it was not directed to him, nor was he commanded to execute its mandate, and consequently conferred no authority upon him to sell the land of Ashby.

Bybee, therefore, acquired no title by his purchase, as we consider all the proceedings of the sheriff absolutely void. The Circuit Court erred in permitting the execution to be amended in affirmance of the proceedings of the sheriff, but the amendment will not cure the original defect in the process; and especially as the plaintiff, Bybee, was the judgment creditor in the execution, and will therefore be considered as having purchased the land with full notice of the irregularity.

*Per totam Curiam.* Judgment affirmed with costs.

*Judgment affirmed.*