NEW-YORK,
May, 1830.

Winans
v.
Dunham.

WINANS *vs.* DUNHAM.

To shew a matter to be *res judicata* in the court of chancery, an *exemplifica-tion* of the bill, answer and decree is sufficient evidence in a court of law without showing an actual *enrolment* of the decree.

THIS was an action of *assumpsit,* tried at the New-York circuit in September, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The defendant was the endorser of a promissory note for $2000, made by David R. Dunham and held by the plaintiff. On the trial, the defendant offered to prove that forty-five shares of Williamsburgh ferry stock had been pledged to the plaintiff by the drawer of the note, as security for the pay-ment of the debt in question, and that it was agreed between the parties that if the defendant should pay the debt, the stock should be transferred to her; and that the defendant had tendered the amount of the note and offered to pay the same on the plaintiff's transferring the stock to her, which he had refused to do. The plaintiff objected to the evidence for that the same matter had been decided in chancery against the defendant, on a bill filed by her against the plain-tiff and the maker of the note to obtain a transfer of the stock, and offered in evidence a copy of the decree of the chancellor, certified by the assistant register. The defendant objected that the *decree* itself, *enrolled* and signed by the chan-cellor, ought to be produced. The judge overruled the ob-jection, and permitted the certified copy to be read in evi-dence; the pleadings also were produced. Whereupon, it appearing that the same matter now set up in defence had been passed upon and decided by the chancellor against the defendant, the judge refused to hear the evidence offered by the defendant. The defendant excepted, and the plaintiff had a verdict, which was now moved to be set aside.

*J. King,* for the defendant, who relied principally upon the case of *Wilson & Gibbs* v. *Conine, 2 Johns. R.* 280.

*J. L. Wendell,* for plaintiff.

*By the Court,* MARCY, J.    The decision of the chancellor is conclusive upon the rights of the parties here.    It was objected that it did not appear that the decree had been duly *enrolled.* I apprehend that an enrolment is not necessary to give validity to a decree, or to make it evidence in a court of law.    The case of *Wilson & Gibbs* v. *Conine, 2 Johns. R.* 280, does not establish the doctrine that an enrolment must be shewn, to make a decree evidence.    The court decide against a decretal order awarding an execution, reciting a prior decree.    The order reciting the substance of the prior decree was not proper evidence of such decree ; the original should have been produced.    The prior decree was to be proved, and the court say the original decree, and not a decretal order reciting the substance of that decree, should have been proved.

I think the bill and answer and the original decree in the cause duly exemplified, and as they are now produced to us, are the proper proof of what is in issue and decided in the chancery suit between these parties.    The decision in that suit was fatal to the defence offered in this.

Judgment for plaintiff.