JACKSON, ex dem. Norton and others, *vs.* WYCKOFF and BABBITT.

Where the *tenants* of a large tract of land, demised to them, made a *partition* amongst themselves thirty years since, and ever since held and enjoyed the portions allotted to each in *severalty*, it was held that, notwithstanding such partition, the landlord, (not having been a party to the partition,) could not proceed by action of ejectment for the recovery of a *subdivision* of such tract, on the ground of a want of sufficient distress on such subdivision, it appearing that on the residue of the tract there was sufficient property to countervail the rent.

THIS was an action of *ejectment*, tried at the Delaware circuit in November, 1828, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The action was brought for the recovery of lot No. 6, in the subdivision of a tract containing 950 acres, for the non-

payment of rent. The larger tract was demised, in 1792, by John Leake to James Howard and six other persons in fee, reserving an annual rent of a shilling per acre. About thirty years before the trial, the tenants made a partition of the tract amongst themselves, and according to that partition, the lands have ever since been held and possessed. In 1822, the then landlord of the premises caused a survey and map to be made, according to the partition made by the tenants. The plaintiff proved a demand of rent to have been made, as due on lot No. 6, according to the number of acres contained in it, in proportion to the rent reserved on the whole tract, and that there was not sufficient property on lot No. 6 to enable him to obtain his rent by distress, although on the residue of the tract there was property amply sufficient for that purpose. The judge nonsuited the plaintiff, to set aside which nonsuit a motion was now made.

S. *Sherwood,* for plaintiff.

I. *Hamilton,* for defendant.

*By the Court,* MARCY, J. The only question in this case is whether this action can be maintained, it appearing that there was property on the whole tract when the suit was instituted, sufficient to countervail the arrears of rent, although on the particular lot sought to be recovered there was not enough for that purpose. It is not pretended that in ordinary cases the landlord can proceed in ejectment to recover premises as forfeited by the tenant, if there is, on any part of them, property that may be distrained sufficient to satisfy the rent; but it is contended that the tract originally demised having been long severed, the landlord must proceed, in relation to the subdivisions, as if each tenant had a separate lease, and that he cannot call on the tenant of one subdivision for the rent due from the occupant of another.

The tenants are undoubtedly concluded in their rights by the partition and the subsequent possession pursuant to it; 4 *Johns. R.* 202; but the landlord was not a party to that proceeding, and therefore is not bound by it. It is said he has subsequently ratified and confirmed the partition. I do

not think the evidence establishes that fact. The partition was made thirty years since, and no other act is shown on the part of the landlord, than that his agent, in conjunction with the tenant, called on a surveyor in 1822 to run out the subdivisions as they had been possessed by the respective tenants, which was done, and a map made and delivered to the agent of the landlord. The landlord, it is true, is not contesting the partition or denying its obligatory force on him, but the question is to be determined by the same rules of law as if he was; for if it is not reciprocally binding upon landlord and tenants, the former ought not to be permitted to affirm its validity to work a forfeiture of a part of the tract, and still be at liberty, as it respects other parts of it, to impeach its validity. I see nothing in this case which impairs his right to enter upon the premises in question, or any other subdivision of the tract, and distrain, if he found sufficient property thereon, for all the arrears of rent due on the whole; and if this right remains to him, he cannot be permitted to affirm the partition for the purpose of forfeiting the tenant's title to the part now in question.

Motion to set aside the nonsuit denied.