## LOUISA LYNCH *vs.* THE ROME GAS LIGHT COMPANY.

The former distinction between decrees in equity and judgments in actions at common law, has not been abolished by the code, but is inherent in the two systems.

The decree of a court of equity may never go upon the docket, at all. It is only when a certain sum is directed to be paid that it is proper to enter it upon the docket. The delay of the clerk in entering it in the judgment book will not affect its validity.

It takes effect from the time it is published by the court; and it is only when the decree provides for the recovery of *money*, that it is required to be *docketed*, in order to give it effect as a lien upon real estate, or to authorize further proceedings thereon.

In a suit for *partition* the rights of the parties are fixed and settled by the final decree, and not by the enrollment thereof. Hence, in an action of ejectment, by a party claiming title under the decree in a partition suit, such decree is evidence to show title in the plaintiff, although it was not signed and *docketed* until after the commencement of the ejectment suit. MULLIN, J. dissented.

THIS was an action of ejectment to recover the possession of lands to which the plaintiff claimed title by virtue of a judgment in a partition suit, brought by John Stryker against Louisa Lynch and others, in 1850. The proceedings in the partition suit were under the code, by summons and complaint. The final decree was entered November 8, 1856,

by which the premises in question were partitioned and adjudged to the plaintiff herein, Louisa Lynch, and said partition ordered to stand firm and effectual forever. Through some mistake or inadvertence judgment was not formally signed and docketed till June 12, 1861, after the commencement of the present suit. All persons from whom the defendant claims title were parties to the partition suit. The present action was tried at the Oneida circuit, in June, 1861. The plaintiff, to show title to herself in said premises, offered in evidence the judgment roll in the partition suit. The defendant objected, on the ground that the same was not signed and docketed, till subsequent to the commencement of this action. The court sustained the objection and excluded said roll, and the plaintiff took exception. No further evidence being offered, the court nonsuited the plaintiff.

The plaintiff now moved for a new trial, on the exceptions, which were ordered to be heard at the general term in the first instance.

*J. B. Elwood,* for the plaintiff.

*Johnson & Boardman,* for the defendant.

MORGAN, J. The final decree of a court of equity formerly took effect when it was made and declared by the court, and the record, when made up, was only evidence of the decree, and simply proved it, without adding any thing to its force or effect; except in those cases where the statute required it to be enrolled as preliminary to some further action which was to be taken upon the basis of the decree, and which was only authorized after enrollment. And it was not even necessary to enroll it as a matter of evidence. (*Bates* v. *Delevan, 5 Paige,* 303, 4. *Winans* v. *Dunham, 5 Wend.* 47. *Fort* v. *Burch,* 6 *Barb.* 60.) In partition suits the final decree may be evidence for or against strangers; for it ope-

rates to change or create a title.    (2 *Phillips' Evidence,* 823, *note* 583.)

The former distinction between decrees in equity and judgments in actions at common law has not, in my opinion, been abolished by the code, but is inherent in the two systems. In cases at law there is no judgment pronounced, except by the record.    There may be a verdict or an order for judgment, but the judgment itself is made up in the clerk's office. The prevailing party recovers a certain sum as damages or costs, or both, and then the judgment is docketed and the amount becomes a lien upon the real estate of the defendant in the county where the judgment is docketed.    But the decree of a court of equity may never go upon the docket at all. It is only when a certain sum is directed to be paid that it would be proper to enter it upon the docket.    The delay of the clerk in entering it in the judgment book will not affect its validity.    It should also be enrolled with the pleadings; but it evidently takes effect from the time it is published by the court.    It is only when the decree provides for the recovery of money by one party against the other that it is required to be docketed in order to give it effect as a lien upon real estate, or to authorize further proceedings thereon.    (2 *R. S.* 638, *5th ed.* §§ 11, 12.  9 *Barb.* 500.)

Without doubt, the codifiers undertook to assimilate proceedings in law and equity, by a formal declaration to that effect.    (*See preamble to Code of Procedure.*)    Yet, in the subsequent provisions of the code, the proceedings are separated in the modes of trial and by various other characteristics which clearly distinguish them as two separate systems. It is impossible to harmonize the proceedings throughout; and the most the codifiers have accomplished is, to make the declaration above mentioned, while they have carefully preserved a clear line of separation between them.    The mode of administering relief in equity is not changed by the code; and the court now, as formerly, pronounces the judgment,

and with the same effect upon the rights of the parties. In my opinion, the plaintiff's rights were fixed and settled by the final decree in partition, and not by the enrollment. A new trial should be granted.

BACON, J. concurred.

MULLIN, J. dissented.

: New trial granted.

[ONONDAGA GENERAL TERM, October 4, 1864. *Mullin, Morgan* and *Bacon,* Justices.]