## LAWRENCE'S CASE.

*Surrogate's Court, County of New York, December,* 1864.

EVIDENCE.—EXEMPLIFIED DECREE OF DIVORCE.

A decree of divorce cannot be proved by producing merely an exemplified copy of the decree itself, if it does not recite all jurisdictional facts; but exemplified copies of the bill of complaint and subpœna, with proof of service of the order *pro confesso*, the order of reference, and the Master's report with the depositions, should be produced, in order to show jurisdiction.

Since the power of the courts to grant divorce is purely statutory, and not an original power of the Court of Chancery, the decree must be shown to be within the conditions and limitations which the statute prescribes.

Application for probate of will of Abraham R. Lawrence, deceased.

The facts are stated in the opinion.

*Gilbert Dean,* for the proponents.

*Samuel Jones,* opposed.

TUCKER, *Surrogate.*—The question is raised whether a certified copy of a decree of the late Court of Chancery, in the suit of

Margaret Parslow *a.* Henry A. Parslow, decreeing a divorce between the parties for the cause of adultery, introduced in order to prove the fact of such divorce, should be received in evidence. The document is exemplified under his seal by the county clerk of the city and county of New York—who, by statute, is its official custodian—as a correct transcript of the original.

The decree is objected to as not to be received without the pleadings and depositions in the suit, and it is urged that it does not show on its face the jurisdiction of the court by which it purports to be granted.

The rule, as laid down by Greenleaf (§ 511), is that a decree in chancery may be proved by an exemplification, and that where the decree is offered merely for proof· of the *res ipsa*, namely, the fact of such decree, no proof of any other proceeding is required.

And Buller (*Buller's N. P.*, 235) states the rule to be, that if a party wants to avail himself of a decree only, and not of an answer or deposition, the decree, being under the seal of the court, and enrolled, may be given in evidence without producing the bill and answer. Under decisions in our State, the enrollment of the decree would be unnecessary. (5 *Wend.*, 47; 5 *Paige*, 304.) And Lord Abinger, in Laybourn *a.* Crisp (8 *Carr. & Payne*, 397), received a decree, bill and answer, and intimated that the decree might be received without them. In 1 *Bing. N. C.*, 597, a decree in chancery was read in evidence, it not appearing whether the pleadings were put in.

In the case of Simmons *a.* De Barre (8 *Abbotts' Pr.*, 269 ; S. C., 4 *Bosw.*, 547), the question arose whether a divorce decree of the City Court of Brooklyn, a local court having inferior jurisdiction, but invested by the Legislature with equity powers, and the power of granting divorces, could be received in evidence. Mr. Justice Pierrepont, in the trial before a jury, in the Superior Court, had admitted the copy of the decree in evidence, but afterwards granted a new trial. The plaintiff appealed from the order granting a new trial, and the admissibility of the record was the question decided adversely at general term.

The court held that the City Court of Brooklyn was an inferior court, and that its jurisdiction could not therefore be.

presumed in support of the validity of its proceedings, but that enough must appear on the records, or be otherwise proven, to show that it had possessed jurisdiction of the subject-matter. And the decree was rejected as matter of evidence upon that ground. Chief-justice Bosworth said, on deciding this point, that it was unnecessary to go further and inquire whether, a copy of the judgment of a superior court, in an action of divorce, without a copy of the pleadings, would be competent and sufficient evidence that the parties were divorced by a regular and valid judicial determination, provided the judgment recited the nature of the action and the appearance of the parties in the court, and that they were heard on the application for judgment. So that, assuming the late Court of Chancery to have been a superior court, the very question which now arises here was the one left undecided by the Superior Court.

The power of granting divorces *a vinculo* for the cause of adultery did not exist among the original powers of the English Court of Chancery, nor among those of the Court of Chancery of the State of New York. In this State it was expressly conferred by statute. The Revised Statutes provided (3d edition), that divorces might be decreed and marriages disolved by the Court of Chancery, whenever adultery had been committed by either husband or wife, in either of the following cases:

1st. Where both husband and wife were inhabitants of this State at the time of the commission of the offence.

2d. Where the marriage had been solemnized or had taken place within this State, and the injured party at the time of the commission of the offence, and at the time of exhibiting the bill of complaint, should be an actual inhabitant of this State.

3d. Where the offence had been committed in this State, and the injured party, at the time of exhibiting the bill of complaint, was an actual inhabitant of this State.

The jurisdiction in such actions thus conferred by the statute is, therefore, of a limited nature, and could not be exercised except within the conditions and limitations prescribed. The decree produced and offered in evidence does not show upon its face the existence of the facts which are necessary and

indispensable for the exercise of this jurisdiction. It does not show the place of inhabitancy of the parties to the suit, nor the place or time of the commission of the offense, one or the other of which facts was a condition precedent to the existence of jurisdiction by the Court of Chancery. Were the power to grant divorces an original power of the Court of Chancery, I should not consider it needful that the decree should show these things. But, in the exercise of powers conferred and limited by statute, it would seem reasonable that even a superior court cannot dispense with such recitals as will unequivocally demonstrate its jurisdiction in making its decree.

I consider, therefore, that I must require that exemplified copies of the bill of complaint, subpœna *ad respondendum*, with proof of service, order *pro confesso*, order of reference, and Master's report, with the depositions, be produced to show jurisdiction and to authorize me to receive in evidence the exemplified copy of the decree now offered.