Monell, J.
The power of the court to appoint a receiver, in an action to recover the possession of real property, having been determined by this court in Ireland n. Mchols (1 Sweeny, 208), I am not at liberty to examine the question, and must regard it as settled, notwithstanding doubts of its correctness may have been raised by the very able argument of the defendant’s counsel. That decision, however, goes only to the power of the court, leaving it still discretionary to appoint, or to refuse to appoint a receiver, as the facts of the case shall seem to justify. The plaintiff claims to recover the possession of the premises on the ground, First. That under his proceedings and judgment in the district court he was put in possession, and thereby, by force of the statute (2 Rev. Stat., 515, § 43), the lease to Browning & Moore, and the relation of landlord and tenant, was canceled and annulled ; or, Second. That as landlord, he may maintain the action, under the right reserved in the lease, of re-entry for the non-payment of rent (2 Rev. Stat., 505, § 30). That statute provides, that whenever a half years’ rent shall be in arrear from a tenant to his landlord, if the landlord, has a subsisting right by law to re-enter for the non-payment of such rent, he may bring an action of ejectment for the recovery of the possession of the demised premises. It is very clear, I think, that this action cannot be sustained upon the second ground. The statute relied on gives an action *13 by a landlord against his tenant, to recover from such tenant the possession of demised premises. It does not give an action against those who succeed to the tenant unless, possibly, it be to the whole premises and to the whole term. But where demised premises are held in severalty by different persons, although having a common source of title, a landlord cannot proceed against all collectively, although he may, perhaps, against each separately. The statute does not provide for apportioning the rent among those who have severally succeeded to the rights and interests of the tenants of the whole premises, yet, I think, it may be done, and an action be maintained for the recovery of a portion, from one holding as assignee of a part only of the demised premises. I am therefore of opinion, that an action under the statute can be maintained for the recovery of the possession of a part only of demised premises, against a person in possession of such part, under the re-entry clause in the lease, notwithstanding there has been no apportionment of the rent, and without making such apportionment. Ho demand of rent is necessary. If rent is in arrear, the landlord may by action re-enter upon the whole, or upon any part which-may be separately held (Main v. Green, 32 Barb., 448; Jackson v. Wyckoff, 5 Wend., 53.
But under the statute, the action can be maintained only where the relation of landlord and tenant exists, and where the landlord has a “ subsisting right by law to re-enter.”
In the lease before me, the landlord expressly reserved to himself the right to re-enter, and if he had not deprived himself of such right, by destroying the relation of landlord and tenant, and by extinguishing or causing to be canceled and annulled the instrument which contains the reservation, I should be of opinion that this action could be sustained under the statute. *14 The effect, as declared by the statute, of a judgment in favor of a landlord in summary proceedings to recover possession of land (2 Rev. Stat., 515, § 43) is, to cancel and annul the agreement for the use of the premises, and extinguish the relation of landlord and tenant; and, with the single exception of the right to collect rent due prior to the eviction (Hinsdale v. White, 6 Hill, 507; Whitney v. Meyers, 1 Duer, 266), the lease becomes void for every purpose, from and after the judgment and the possession of the landlord under it.
The right to re-enter for non-payment of rent is in the nature of a forfeiture (Doe dem. Wheeldon v. Paul, 3 Carr. & P., 613), and the plaintiff having once enforced the forfeiture and re-entered upon the premises, he exhausted his remedies. The relation of landlord and tenant terminated, and with it all right of either party' under the lease, except to recover rent down to the time of eviction.
The action in this case is a possessory action, and the plaintiff having re-entered for a forfeiture, bis pos1session cannot be secured or continued by a second judgment for the same forfeiture. In Clowes v. Hakes (2 Caines, 335), the tenant having absconded while rent was in arrear, the landlord took possession of the premises and brought ejectment under the statute, in order, as was claimed, to bar the tenant’s right under the lease. But the court held it to be against the whole theory of the action. To sustain a right of action under the statute, the plaintiff must not only establish an existing relation of landlord and tenant, but a subsisting right by law to re-enter. H, therefore, he claims that he was lawfully in possession under the proceedings in the district court, and has been casually ejected by the defendants, then he cannot but claim that the lease to Browning & Moore is canceled and annulled, and that all relation of landlord and tenant has ceased; and in that aspect, that the de *15 fendants were mere trespassers. If that be so, then the plaintiff has no subsisting right by law to re-enter under the statute. The defendants, Grrissler & Fausell, must be treated either as tenants or trespassers. If the former, it can only be by a revival of the lease to Browning & Moore, through the foreclosure and sale, and that, I understand, the plaintiff rejects. If treated as trespassers, then it is clear the statute has no application.
My examination, however, of the other facts presented in this case, has led me to the conclusion that the defendants cannot be treated as trespassers, but must be treated as having acquired the whole of the unexpired term of the lease to Browning & Moore, and," therefore, as being lawfully in possession of the demised premises. If I am correct in the effect which I give to the purchase under the foreclosure sale, then the lease was revived, the relation of landlord and tenant restored, and the plaintiff may have all the remedies, which, in that relation, he could have had, as against his original tenants, before the summary proceedings were instituted, and as if these proceedings had never been instituted. Of course this conclusion goes to sustain the right of action under the statute ; but as the plaintiff has not made the forfeiture his cause of action, but has proceeded against the defendants as mere trespassers, thus ignoring the lease and their holding under it, he cannot, under his present complaint, be permitted to show facts which would bring him within the statute.
The mortgage of Browning & Moore was of their leasehold interest in the demised premises, and so far as it operated as a conveyance, it was an assignment by the lessees to the lessor of the lease. It did assign to the plaintiff (with a defeasance), all the rights and interests of the tenants in the lease and premises, including their right of redemption given by the statute. *16 The plaintiff, however, was not a mortgagee in possession. The lessees and mortgagors still held the possession, and were liable, under the covenant, for the payment of rent, and the mortgage effected no merger of the leasehold estate in the plaintiff. Upon default in the payment of the rent, it was competent for the plaintiff to proceed summarily to get possession of the demised premises and annul the existing relation of landlord and tenant. The effect of the judgment in these proceedings, if nothing subsequently had transpired, would have been to have merged the two estates of the plaintiff into one (except as to the small portion covered by the Richards lease), and the result would have been, that the plaintiff would have had the leasehold estate, discharged of the lease, and the equity of redemption under the statute, blended in one; and as respects all the property, except the Richards lots, could have held it discharged of all claims created by the mechanics’ liens. The plaintiff, as assignee of the equity of redemption, could redeem under the statute ; and as there were no judgment creditors, he alone could redeem. The plaintiff’s position was, therefore, quite impregnable. He had possession, a canceled lease, and the only right of redemption, as far as the proofs show, which resided anywhere.
The remaining ground to be examined, is, whether Grissler & Fausell acquired any interest in the premises, as against the plaintiff, under the sheriff’s deed. Undoubtedly they did not, unless we can apply the doctrine of estoppel. Under the proceedings in the district court, the plaintiff regained his former estate, discharged of the lease; and had the mortgagee of the lease been a stranger, the lien of the mortgage would have been gone, and nothing but the bare right of redemption left; and upon its foreclosure, the purchaser would have acquired no right to the possession of the premises, but only a mere right to redeem. But the *17 mortgagee was the landlord, who, when he had regained his former estate, could, in respect to all the ‘ property except the Richards lot, have canceled the mortgage, or merged it in his higher estate, or could have held it intact, until the time for redemption had passed. As has been stated, the plaintiff was, at the time of the foreclosure, the sole owner of the right to redeem, but he could not redeem from himself, and there were no judgment creditors.
The action to foreclose the mortgage was doubtless instituted under the erroneous impression and advice, that it was necessary, to bar and foreclose the right to redeem the lease, which was still outstanding. But the foreclosure had not, and could not have had any such effect. The mortgage operated as a transfer of the right to redeem, but it did not, and could not, extinguish such right in others; and the foreclosure, therefore, merely barred the right to redeem the mortgage, and in no way affected the right to redeem the lease. So that, notwithstanding the foreclosure and sale, any person named in the statute could have availed himself of the right to redeem the the lease. It was, therefore, in my opinion, unnecessary to foreclose the mortgage for any supposed purpose of barring any equity of redemption there might have been in the creditors-of the lessees. Nor was it necessary to foreclose it to obtain payment of the mortgage debt, except in the possible event of a deficiency, as the mortgagee was in possession, under a higher title, of the subject mortgaged. But the plaintiff saw fit to foreclose his mortgage, making the mortgagors and the several mechanics’ lien creditors, parties. In his complaint, the' mortgage is set out as covering the premises 6 ‘ with the leases and terms of years yet unexpired of said Browning & Moore, of and in said premises,” and it is verified by the plaintiff to the effect that the matters stated were true. The judgment contains the same *18 description of the subject mortgaged, and directs that the ‘1 mortgaged premises described in the complaint” be sold, and the '■'■purchaser at such sale be led into possession, on production of the sheriff's deed.''
The advertisement of sale contained a similar description, and the sheriff’s deed conveyed to the purchaser the premises as thus described.
But the mortgage itself, which the plaintiff undertook to foreclose, was, clearly and by its tenor, a mortgage upon the lease and leasehold interest of Browning & Moore; and hence the judgment was a foreclosure of such interest, and nothing other than such interest passed to the purchaser, or was conveyed to him by the sheriff’s deed.
The question then arises, can the plaintiff now claim that no such interest, or any interest whatever, passed to the purchaser under his judgment of foreclosure and sale ? I think not. He must, it seems to me, be estopped by his representation, that the mortgage he undertook to enforce, was a subsisting lien, and that the subject covered by it was in being at the time. Such representation amounted to the assertion, that the lease to Browning & Moore was not canceled or annulled, nor the relation of landlord and tenant between the plaintiff and themselves ended. An estoppel, whether of record or in pais, is founded on a preclusion in law, which prevents a man from alleging or denying a fact, in consequence of his own previous act, allegation or denial, of a contrary tenor (1 Bour.: 483); and, according to Blackstoxe, where a man has done some act, or executed some deed, which estops or precludes him from averring anything to the contrary. Three things must unite: First. The former representation must be inconsistent with the present assertion. Second. The other party must have acted upon; it and, Third. That he will be injured if the claim is allowed. Whether this is to be regarded, *19 therefore, as an estoppel by record, and binding upon parties and privies only; or as an estoppel in pais, the facts furnish all the necessary elements, and preclude the plaintiff from contesting them by asserting now, that the substance which he alleged to exist did not exist, and that the purchaser had paid thirty thousand dollars for' a shadow. An illustration of an estoppel by record is found in the case of Van Orman v. Phelps (9 Barb., 500), where a plaintiff, in his petition for a partition of lands, alleged that he and one Land, together with the other defendants, were tenants in common. In a subsequent action by the same plaintiff individually, for a trespass upon the lands, he was held to be estopped by the former record from denying that Land was a tenant in common. The principle which gives effect to representations of this nature, is not unlike that which underlies implied warranties or guaranties, where mere descriptions of the things sold or transferred are held to impliedly warrant the existence of the thing. As in the case of an assignment of a judgment, describing it as a judgment for six thousand five hundred and seventy-four dollars and seventy cents, but with no expressed guaranty that such sum was due and unpaid ; held that a warranty could be implied (Furniss v. Ferguson, 15 N. Y., 437). And in a recent case in this court (Corwin v. Wesley, decided December 30, 1871), where, in an assignment of a chattel mortgage, it was described as “a certain mortgage on goods and chattels,” without any words of warranty, it was held that it might be implied that the assignee warranted that it was a valid mortgage. In that case the mortgage was a forgery, and the assignee recovered of' the assignor on the implied warranty. Also, see Delaware Bank v. Jarvis (20 N. Y., 226; Story on Sales, § 336).
In conclusion, I am of the opinion, that the plaintiff is estopped from alleging or claiming that the *20 leasehold estate of Browning & Moore ceased with the. proceedings in the district court; or that the lease to them was thereby canceled and annulled. On the contrary, he has, by his acts, revived it into existence, and restored the term which otherwise would have been gone. So that, in legal effect, the purchasers at the foreclosure sale became the owners of the unexpired term, taking as assignees of the lessees and subject to their covenants.. And in this view the defendants, Grissler & Fausell, as tenants, are subject to all the remedies which the plaintiff, as landlord, can have under the lease; and to the same' extent as if they were in possession as the direct assignees from Browning & Moore. In an equitable point of view, the position of the plaintiff is not agreeable to good conscience. If sustained in it, he would have the premises with all the valuable improvements, and his mortgage debt besides, and the defendants would be the losers of their bid, and, possibly, of the sums since expended. It is better that the plaintiff should recognize the defendants as his tenants, and be content with his rights as their landlord. Being of the opinion that the plaintiff can only re-enter as landlord as for a forfeiture under the lease, it follows that he must fail in this action, unless he conforms his complaint to such a state of facts.
The present motion must therefore be denied, with ten dollars costs.