MARY GILMORE, APPELLANT, v. FRANK TAYLOR AND RICHARD PHILIPS, RESPONDENTS.

EVIDENCE—JUDGMENT-ROLL.—The judgment-roll is proper preliminary evidence to warrant the introduction of proof of a sheriff's sale, and, in probate proceedings, the petition, citation, and proof of service, are essential parts of the record.

IDEM.—The defendant introduced an order of sale of the County Court, a decree of confirmation, and the administrator's deed; the plaintiff produced and offered the residue of the record in the cause, to show want of jurisdiction, and the court refused to receive the evidence: *Held*, that the ruling was an error affecting a substantial right.

APPEAL from Yamhill County.

This is a possessory action to recover an undivided eighth of the parcel of land described in the complaint. The an-

swer denies the plaintiff's allegations of title, and sets up title in the defendant Richard Philips. The plaintiff claims title as heir of John Monroe, deceased, and the defendant claims that he has acquired title through a sale made by the administrator of the estate of said John Monroe, in the regular course of administration. By consent, the cause was tried without a jury, and it was admitted, on the trial, that the plaintiff is heir, as alleged, and is entitled to the premises, unless title was acquired by virtue of the administrator's sale, and that the defendants are entitled to recover if title passed by virtue of the sale. On the trial, the defendant offered in evidence an order made in the County Court of Yamhill County, in the matter of the said estate, directing a sale of the premises by the administrator. The defendant objected, on the ground that no foundation had been laid for introducing that part of the record, claiming that the whole record would show that the Probate Court had not acquired jurisdiction to make the order. The court overruled the objection, and the ruling is assigned as error. The defendant having introduced the order first above mentioned, an order confirming the sale, and the administrator's deed, rested his case. The plaintiff offered in evidence the petition filed in the Probate Court for the order of sale, the order to show cause, the citation, the journal entries pertaining to the administration, and the other papers and files in the cause. The defendant objected to the papers as immaterial, and on the ground that the decretal order of the Probate Court, which contained recitals of due notice, could not be impeached or invalidated by the evidence offered. The court sustained the objection, and the ruling is assigned as error.

*P. C. Sullivan and James McCann,* for Appellants.

*H. Hurley, G. R. Helm, and Boise & Willis,* for Respondents.

By the Court, UPTON, C. J.:

The record in this cause contains several assignments of error, but the only point necessary to be considered relates

to the rulings of the court in permitting the order of sale and the decree of confirmation, made in the County Court, to be used as evidence, and refusing to permit the residue of the same record to be introduced.

In case of a sale under a decree of the Circuit Court, the proof, preliminary to the introduction of the execution and sheriff's deed, is the summons and proof of service, the pleadings and the judgment entry; or, in other words, the judgment-roll. The statute regulating probate proceedings does not contain a provision similar to that of § 269 of the Practice Act, directing the clerk to attach together the papers constituting the judgment-roll, unless, indeed, that section should be construed to include probate cases; but I cannot conceive that the omission materially alters the case.

If there was no such duty required of the clerk, in regard to cases in the Circuit Court, still those papers would contain proper preliminary evidence to warrant the introduction of the execution and sheriff's deed, and no reason is perceived why similar papers, constituting the files and records of the Probate Court, should not be considered the foundation and proof of the administrator's power to sell. If it be conceded that a decree reciting due service of process renders the production of the summons and proof of service unnecessary, yet it is not on that account to be assumed that such recital cannot be disputed by production of antecedent parts of the same record when such original papers contain intrinsic and convincing proof that the recitals are not true in fact. The petition, citation and proof of service are as essential parts of the record in a probate case as are the pleadings, process and return in proceedings in the Circuit Court.

These prior portions of the record may be regarded as the original evidence of the jurisdictional facts, and they are also material and pertinent for the purpose of showing what subject-matter was before the court for adjudication, and upon whom the adjudication is binding. If the decree purports to recite the same facts disclosed by these original papers, and there is a discrepancy between the recitals and

those parts of the record upon which the recitals are based, it would be illogical to permit the latter to override or falsify the antecedent statement in the record, of which the recitals purport to be a summary. For these reasons the plaintiff had a right to insist that the record should be presented as a whole, or in other words, that a foundation should be laid for exhibiting the decretal order. (1 Greenl. Ev., § 511; *Wilson et al.* v. *Coniell,* 2 John. 280; *Winans* v. *Durham,* 5 Wend. 47.) At least, if it was proper to permit the defendant to lay such foundation by producing the recitals contained in the order of sale, the plaintiff could insist on the admission of such other parts of the same record as tended to explain the recitals.

Some doubt has existed whether the ruling ought to be treated as an error affecting a substantial right, inasmuch as the transcript in this case does not show what was contained in those parts of the record that were ruled out. In the absence of any knowledge of the contents of the documents offered, this Court cannot say that the judgment of the Circuit Court would have been different had they been admitted in evidence; but evidently the character of the papers ruled out may be such that their admission ought to have changed the result; and as the transcript shows that they were offered for the purpose of proving a want of jurisdiction, and that the objection to their introduction was on the ground that the recital of service contained in the decree is not subject to be so disposed, it is thought that the court ought not to assume that the error in ruling them out did not affect a substantial right.

If on a trial a party propounds to a witness a pertinent and proper question, and through an erroneous ruling an answer is not received, in general, the record does not disclose what the answer would have been; still it is not the practice in such cases to designate the error as one not affecting a substantial right.

I think also it ought not to be assumed, because of the presumption of regularity, that the residue of the record was inspected and found to contain nothing inconsistent with the jurisdictional facts recited in the decree. The

avowed purpose of offering the evidence, and the nature of the objections to it, do not so indicate; and in addition to this, if they had been examined by the court and found to be in harmony with the recitals, it would have been in all respects proper to receive them in evidence as part and parcel of the very record on which the defendant based his title, and as throwing light on the only controverted question in the case.

It is the opinion of the Court that refusing to waive the evidence was an error affecting a substantial right, and the judgment must be reversed.

Mr. Justice MCARTHUR dissented.