## DAVID *v.* DAVID *et al.*

*(Supreme Court, General Term, First Department. March 28, 1890.)*

PARTITION—HOW MADE—SALE.

     In partition, a judgment directing a sale of the property, in lieu of actual partition, will not be disturbed where the value of the property consists in its adaptation as a whole to business purposes.

Appeal from special term, New York county.

A partition suit brought by Albert L. David against Adelaide David, Charles F. David, and Mary O'Gorman David. Defendant Charles F. David appeals from the interlocutory judgment directing a sale of the property.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John R. Tresider*, for appellant. *William C. Holbrook*, for respondent Albert L. David. *Richard O'Gorman, Jr.*, for respondents Adelaide David and Mary O'Gorman David.

DANIELS, J. The action has been brought to partition the property described in the complaint. It is bounded by the northerly side of Vesey street, 77 feet 3 inches; and by a line running northerly from Vesey street 49 feet and 11 inches, to a line parallel to Vesey street; and then, by a line extending to Washington street, for a distance of 96 feet and $2\frac{1}{2}$ inches; and on the easterly side of Washington street about 53 feet. The land has been improved by erecting thereon four different buildings, one fronting on Washington street, the next upon Washington and Vesey streets, and the other two upon Vesey street alone, and each building is separated from the others by substan-

tial walls. The title to the property is vested in the plaintiff and the appellant, and Adelaide David, their mother, each owning an undivided third thereof. All the property included within these lines is subject to a mortgage for the sum of $70,000, executed to and held by the Bowery Savings Bank, and the referee to whom the action was referred to ascertain the condition of the property, and whether or not it could be actually partitioned without great prejudice to the owners, has reported that no such partition of the property can be made, but that a sale of it should take place; and that has been confirmed by the order in question. The defendant Charles F. David excepted to this conclusion of the referee, and in his behalf it is contended that this was erroneous, and that a sale of the property will be greatly prejudicial to his own interest therein. The property is peculiarly situated, being divided into four different parcels, each having a substantial building, separated from all the others, erected upon it, and for that reason incapable of being so divided as to give to each one of the three owners a distinct one-third, either in quantity or value. The land, as a whole, is so limited in its extent, both from Washington and Vesey streets, as not to permit the erection of a large place of business upon either division which might be made of it, and its value consists in its adaptation to business purposes. By the testimony which was produced before the referee it is shown in the aggregate to amount to less than two ordinary city lots, and for that reason it has been considered by three dealers in real estate, examined on behalf of the plaintiff, that the property will be more valuable to dispose of it in its entirety than to attempt to divide it by setting off one parcel to each of the tenants in common, and selling a fourth parcel, to secure equality of partition. One of these witnesses places the difference between the selling value of the property as a whole, and that of the separate parcels into which it has been divided by the buildings which have been placed upon it, at the sum of $18,000; another places this difference at $14,000; while the third puts it at $4,000; and, while the evidence given on behalf of the defendants tends to controvert this view, yet the probabilities arising, out of the shape and division of the property, seem to be in favor of the views expressed by the plaintiff's witnesses; and that an actual partition or division of the property would result in loss to the plaintiff, and the defendant Adelaide David, who are the owners of two undivided one-thirds, amounting to the sum of $9,000; and that they should not be subjected to it, without some corresponding equivalent expected to arise out of the continued ownership and use of the property. That there may be such an equivalent partially, if the property shall be divided and the fourth part sold, is, however, to a certain extent rendered probable by the net rents from the demise of the different buildings standing upon the land, for that is stated to have been, with the probability of its continuance, the sum of from 11 to 15 per cent; and, if it were not for the mortgage incumbering the entire property, this circumstance might be a sufficient reason for denying the sale which the referee has recommended. But while evidence has been given to the effect that the savings bank would be willing to apportion its mortgage, as the property might be held in severalty, it is still manifest that it would be next to impracticable to so apportion it, without injustice, to one or more of these different owners in common. The bank might be very well satisfied, and no doubt would be, with such an apportionment of the amount of the mortgage as would not substantially impair its security. But it would not follow from that apportionment that justice could be done to the owners of the different interests by the apportionment. It would be extremely difficult, even if not impracticable, so to divide the amount of the mortgage between the different parcels of land and buildings upon them, as to secure to each its appropriate part of the burden. Certainly no basis has been presented by the evidence, or by the report, for accomplishing that result, and, in addition to this circumstance, the fact appears to have been reliably proved by the evidence that,

when the old buildings now standing upon the land shall be removed, its value will be greatly enhanced, by placing one building upon it instead of the four which are already there. The case is not one where it is probable that an actual partition of the property can be made without great prejudice to one or the other of the joint owners, and that is a circumstance indicating the propriety of a sale. So, also, is the fact that the property divided, as the buildings have divided it, will be worth in the aggregate a very substantial amount less than the property will be worth as a whole, with the ability to improve it hereafter in the manner already stated; and when that may be its relative situation it has been held by the courts to present a proper case for a sale, instead of an actual partition. *Clason* v. *Clason*, 6 Paige, 541; *Bentley* v. *Dock Co.*, 14 N. J. Eq. 480. And this equitable criterion for the disposition of the case is also sanctioned by *Smith* v. *Smith*, 10 Paige, 470; *Van Arsdale* v. *Drake*, 2 Barb. 599; *Haywood* v. *Judson*, 4 Barb. 228; *Van Orman* v. *Phelps*, 9 Barb. 500; *Walker* v. *Walker*, 3 Abb. N. C. 12. While the case is not free from doubt, the most practicable mode of determining it, as two of the owners insist upon a sale, is that adopted by the referee, and approved by the court. It is probably the best that can be done to promote the interest and protect the rights of each of these different parties, and the judgment from which the appeal has been taken should be affirmed, but, under the peculiar circumstances attending the case, it should be without costs of the appeal. All concur.